COMMONWEALTH *vs.* HAROLD C. GISLESON, JR. (and a companion case[1]). August 7, 1978. The defendants appeal from convictions on several charges including unlawful possession of and possession with intent to distribute several controlled substances, unlawful possession of firearms and a hypodermic needle. The defendants assert that the judge erred in refusing to suppress evidence, the only issue on voir dire. We conclude that the search warrant, pursuant to which the property was seized, was issued without probable cause. The affidavit submitted in support of the application for the warrant was based upon statements of three unnamed informants. However, the affidavit did not show that the statements were based upon their personal knowledge as required by *Augilar* v. *Texas*, 378 U.S. 108, 112-115 (1964); see *Commonwealth* v. *Stevens*, 362 Mass. 24, 28 (1972); *Commonwealth* v. *Flaherty*, ante 876, 877 (1978). The fact that one of the informants had been to the defendants' address during the previous week and had reported that the male defendant was "in good shape with grass" was inadequate to support an inference that the informant had observed any controlled substance at that location. *Giordenello* v. *United States*, 357 U.S. 480, 486-488 (1958). *Commonwealth* v. *Stevens, supra.* Compare *Commonwealth* v. *Smith*, 370 Mass. 335, 343, cert. denied, 429 U.S. 944 (1976). An affidavit may establish probable cause despite its failure to satisfy the *Aguilar* test if the informant's statement is sufficiently corroborated by information in the affidavit from an independent source which serves to make the informant's statement as trustworthy as it would have been had it met the test standing alone. *Spinelli* v. *United States*, 393 U.S. 410, 415 (1969). *Commonwealth* v. *Stevens, supra* at 27. *Commonwealth* v. *Avery*, 365 Mass. 59, 63 (1974). Statements of several informants contained in an affidavit do not sufficiently reinforce each other where no one of them is based upon the informant's personal knowledge but may stem from

---

[1] Commonwealth *vs.* Ruth Harmon.

no more than rumor or reputation. See *Spinelli* v. *United States*, 393 U.S. at 416. In this instance the informants' statements were not adequately corroborated. The assertion in the affidavit that the police had observed a car like that described by one of the informants outside the defendants' apartment *as predicted by that informant was of little* corroborative value where the car could have been seen by any passer-by and where there was no suggestion that the car was connected with the defendants' alleged criminal activity. Compare *Commonwealth* v. *Flaherty, supra.* The affiant's allegation that a known dealer in cocaine was, on one occasion, observed by him leaving the building in which the defendants' apartment was located was not sufficiently corroborative of the informant's statement. The affidavit did not indicate that the individual known to the police as a drug dealer had been observed frequenting the defendants' address. Compare *Commonwealth* v. *Snow*, 363 Mass. 778, 783-784 (1973), and cases cited. Since the evidence was seized unlawfully and should have been suppressed, the judgments are reversed and the findings of guilt are set aside.

*So ordered.*

*Steven H. St. Clair*, of Connecticut (*Edward F. Berlin* with him) for the defendants.

*Robert W. Towle*, Assistant District Attorney, for the Commonwealth.