COMMONWEALTH vs. SAMUEL H. NOWELLS.

Middlesex.   September 12, 1983. — December 20, 1983.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Constitutional Law*, Search and seizure.  *Search and Seizure*, Probable cause, Affidavit.

Probable cause for the issuance of a search warrant for the defendant's apartment was not established by an affidavit based on statements by three unnamed informants that the defendant was selling guns and drugs in his apartment, where the affidavit contained no information concerning the credibility of the informants or the reliability of their information, and where the only information based upon personal observation of an informant and corroborated by another was the defendant's name and address and the presence of handguns in his apartment.  [624-627]

A statement in an affidavit in support of an application for a search warrant, that an unnamed informant said he went to the apartment in question "to get (turned on) with cocaine" was not a statement against the informant's penal interest and did not provide a basis for determining that the informant was credible.  [626]

In the circumstances, this court declined to consider whether there was an exception to the exclusionary rule for police conduct in violation of the Fourth Amendment which was undertaken in a reasonable good faith belief that the conduct was proper.  [628-629]

INDICTMENTS found and returned in the Superior Court Department on December 9, 1980.

A motion to suppress evidence was heard by *John Paul Sullivan*, J., and the cases were tried before *Hamlin*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Brownlow M. Speer* for the defendant.

*Kevin J. Ross*, Assistant District Attorney, for the Commonwealth.

WILKINS, J.  This appeal presents the question whether unnamed informants' independent tips, none of which alone would support a finding of probable cause to issue a search warrant, may collectively provide a sufficient basis for concluding that the informants were credible or that their information was reliable and thus justify the issuance of a search warrant under the standards of the Fourth Amendment to the Constitution of the United States.  A judge of the Superior Court denied the defendant's motion to suppress evidence obtained pursuant to a warrant issued in such circumstances.  Thereafter another judge in a jury-waived trial found the defendant guilty of (1) the unauthorized possession of a shotgun with a barrel less than eighteen inches in length (G. L. c. 269, § 10 [c]), and (2) possession of marihuana with intent to distribute (second offense) (G. L. c. 94C, § 32C).  The defendant was sentenced to serve a prison term on the indictment charging him with the unauthorized possession of the sawed-off shotgun.  The indictment for possession of marihuana with intent to distribute was placed on file.  We selected the case for direct appellate review.  We conclude that the motion to suppress should have been allowed.

The only evidence presented on the motion to suppress was the warrant, the affidavit in support of the issuance of a warrant to search the defendant's apartment, and the return.  The significant portion of the affidavit consisted of tips from three undisclosed informants.  It was sworn to on June 3, 1980, by an undercover narcotics officer of the Metropolitan District Commission police.  With letters we have added at the beginning of each paragraph to identify each informant, the affidavit stated:

"[A] On or about May 10th, 1980, I was introduced to a party who stated that a[n] individual in Melrose by the name of Samuel H. Nowells of 307 Main Street has been for approximately two years and is now selling Cocaine and handguns out of that apartment.  The informant knows this to be fact after having been in the apartment on some fifty (50) occasions and witnessing the guns and drug transac-

tions. The informant knows also that Samuel H. Nowells has on occasion bought as much as fifty (50,000) thousand dollars of Cocaine at a time for distribution and sale. Which Cocaine he keeps in his apartment.

"[B] On May 20, 1980, I stopped a motor vehicle that was operated by a party who had a name similar to Nowells. When I questioned him in error, the subject stated that he was not the party that was dealing the guns and drugs, that the party that I was interested in was 'Nowells,' and that he knew him, and that he knew that he had guns for sale and he kept them secreted in a panel in the walls of the apartment.

"[C] On Tuesday, June 3, 1980, I met with another informant who states that: On or about Thursday, May 27, 1980, the occupant of the apartment at 307 Main St., Melrose, Samuel H. Nowells, invited the informant inside the apartment. While in the apartment to get (turned on) with cocaine, the informant observed a dresser drawer with numerous handguns. The informant also saw a sawed-off shot gun under the bed and was shown by Samuel H. Nowells an automatic rifle described as a military M-16. It was at this time that Samuel H. Nowells attempted to sell the informant a handgun. The informant also stated that Nowells is extremely dangerous and may attempt to get to his weapons when approached by police."

A separate analysis of the statements of each informant and what the balance of the affidavit says about each informant shows that there is no basis for concluding that the "veracity" prong of *Aguilar* v. *Texas*, 378 U.S. 108, 114 (1964), was met. There was no showing of "some of the underlying circumstances from which the officer concluded that [any] informant . . . was 'credible' or his information 'reliable.'" *Id.* Except as the cumulative, reinforcing nature of the informants' tips may provide the necessary support, there is no allegation in the affidavit that would corroborate the information supplied so as to support a finding of probable cause. See *Illinois* v. *Gates*, 462 U.S. 213, 243 (1983); *Spinelli* v. *United States*, 393 U.S. 410, 415 (1969).

The question of mutually supportive tips is presented in this case in a pure form because, as we shall demonstrate, there is no other support in the affidavit for a determination that the informants' information was reliable or that any informant was credible. In a case in which independent police corroboration also supported the finding of probable cause, the Appeals Court said that tips which might not stand on their own "gained force from other tips which corroborated their assertions." *Commonwealth v. Kiley*, 11 Mass. App. Ct. 939, 940 (1981). Cf. *Commonwealth v. Gisleson*, 6 Mass. App. Ct. 911 (1978) (three unnamed informants, none of whose tips was based on personal knowledge, could not reinforce each other so as to show the basis of their knowledge). The cumulative reinforcement of information provided by unidentified informants has been given weight in other cases. See *United States v. McEachin*, 670 F.2d 1139, 1143-1144 (D.C. Cir. 1981) (four disinterested, unnamed eyewitnesses to a crime identified the defendant by name and address); *United States v. Dauphinee*, 538 F.2d 1, 4 (1st Cir. 1976) (although police corroboration of details of informer A's information was an adequate basis for finding probable cause, the court relied in part on the fact that informant B gave limited corroboration of A's statements).

The subject of mutually reinforcing informants' tips has been considered by the Court of Appeals for the Fifth Circuit more than by any other court. That court has acknowledged that "where informers give tips that substantially corroborate each other that factor helps establish the reliability of the tips." *United States v. Martin*, 615 F.2d 318, 326 (5th Cir. 1980) (corroboration "in close detail"). In most cases considered in that court, the informants' tips were corroborated at least in part by independent investigation. *Id.* at 326. See *Williams v. Maggio*, 679 F.2d 381, 391 (5th Cir. 1982); *United States v. Hyde*, 574 F.2d 856, 863 (5th Cir. 1978) (detailed information of criminal conduct from ten informants agreed in many particulars; some information was verified by independent police investigation). Of the

cases in that court, only one involved the issue whether mutually supporting tips standing alone could provide an adequate ground for a finding of probable cause. In *Williams* v. *Maggio, supra,* the issue was raised in the context of the convicted defendant's claim of ineffective assistance of counsel. He argued that his counsel should have moved to suppress certain inculpatory statements he made following his allegedly illegal arrest for the crime of murder. The argument was that the affidavit in support of the arrest warrant relied solely on information from two confidential informants and that neither the informants' credibility nor the reliability of their information was shown. Each confidential informant stated that he had heard the defendant talking with other identified persons about having robbed a food store and having killed a guard. Each informant gave specific detail, the second informant largely corroborating the information of the first. The court concluded that the failure of counsel to challenge the admissibility of the defendant's statements was not ineffective assistance of counsel.

We turn to an analysis of the affidavit submitted in support of the search warrant in this case. We shall refer to the informants as informants A, B, and C, as set forth in the lettered paragraphs of the affidavit quoted above. Informant A and informant C gave the name and address of the defendant. Informant B did not. Informant A referred to seeing handguns and drug transactions while in the apartment on many occasions. This statement adequately supplied the basis of his knowledge of the presence of handguns and drugs in the defendant's apartment. Informant B provided no basis for his assertions concerning illegal sales of guns and drugs. Informant C said that he had been in the apartment and had seen numerous handguns, an automatic rifle, and a sawed-off shotgun. He made no reference to seeing drugs. Informant C, therefore, provided the basis of his knowledge of the presence of weapons at the defendant's apartment.

None of the information provided by each informant itself provides a basis for concluding either that he was credi-

ble or that his information was reliable, the second or "veracity" prong of the test set forth in *Aguilar* v. *Texas*, 378 U.S. 108 (1964), as amplified in *Spinelli* v. *United States*, 393 U.S. 410 (1969). Although the standards of the *Aguilar* and *Spinelli* cases were relaxed by *Illinois* v. *Gates*, 462 U.S. 213 (1983), the *Gates* case, advancing a totality of the circumstances analysis, did not eliminate the requirement that there be some showing of the veracity of the information provided by an unnamed informant. See *Commonwealth* v. *Upton, ante* 562, 568 (1983); *Illinois* v. *Gates, supra* at 230.

The Commonwealth seeks to find support for the reliability of the information provided by informant C because informant C stated that he entered the defendant's apartment "to get (turned on) with cocaine." The Commonwealth argues that this was a statement against informant C's penal interest and inherently provides his credibility. There is no doubt that an informant's declaration against his penal interest is a factor that the magistrate may properly consider in determining probable cause. See *Commonwealth* v. *Vynorius*, 369 Mass. 17, 21 (1975); *United States* v. *Harris*, 403 U.S. 573, 583 (1971) (plurality opinion); 1 W. LaFave, Search and Seizure § 3.3, at 523 (1978). Of course, if the police do not know who the informant is, any statement against his penal interest cannot buttress his credibility. *Commonwealth* v. *Alessio*, 377 Mass. 76, 82 (1979). See 1 W. LaFave, *supra* at 525-531. We shall assume, but it is not clear, that the affiant knew who informant C was. If an informant's statement does not provide a ground for concluding he committed a crime, it is not a statement against his penal interest, does not "carry [its] own indicia of credibility" (*United States* v. *Harris, supra* at 583), and does not provide a basis for determining that his information is reliable. Informant C's statement, that he was in the defendant's apartment "to get (turned on) with cocaine," does not indicate that he committed a crime. An informant who was interested in getting turned on with cocaine is not for that reason more credible than an informant who expressed no view on the subject.

The question then is whether there was adequate mutual corroboration shown by the informants' statements themselves so as to justify the magistrate's determination that there was probable cause to believe that there was contraband in the defendant's apartment. We see no significant support in the information supplied by informant B; he had not been in the apartment. Informants A and C provided the basis of their knowledge; but there is no showing of the veracity of their information except as they may corroborate each other. Informant A had seen undefined drugs and handguns in the defendant's apartment at numerous times. Informant C made no reference to seeing drugs but only to seeing guns (handguns, an automatic rifle, and a sawed-off shotgun). There is thus no corroboration between the two concerning the presence of drugs. Informant A referred only to handguns. He did not corroborate informant C's statement that there were a rifle and a sawed-off shotgun on the premises. The ownership or possession of a handgun (or a rifle) is not a crime and standing alone creates no probable cause. See *Commonwealth* v. *Toole,* 389 Mass. 159, 163 (1983); *Commonwealth* v. *Stevens,* 361 Mass. 868 (1972). In sum, the information that was corroborated was the defendant's full name and address and the presence of handguns at his apartment. Without other corroboration, this information is not sufficient to show the informants to be credible or their information to be reliable.

We recognize that unnamed informants' detailed statements corroborating each other in significant, detailed respects, particularly as to criminal conduct or as to the admission of serious wrongdoing by a person (see *Williams* v. *Maggio,* 679 F.2d 381, 391 [5th Cir. 1982]), could alone support a finding of probable cause by establishing the veracity of the informants. However, applying the principles we believe are appropriate under the decisions of the Supreme Court of the United States (see *Commonwealth* v. *Upton, supra* at 568-569), we conclude that the affidavit in this case does not provide that necessary corroboration. The search warrant was not issued on probable cause.

The Commonwealth argues alternatively that, if the warrant was not issued on probable cause, the evidence seized pursuant to the search warrant "should not be excluded because the police acted in a reasonable good faith belief that their conduct was proper." At the time this argument was presented in the Commonwealth's brief, the *Gates* case was under advisement in the Supreme Court. The question of the adoption of such an exception to the exclusionary rule was thought to be presented in the *Gates* case. Indeed, the Supreme Court ordered reargument of the case on this very question. *Illinois* v. *Gates*, 462 U.S. 213, 217 (1983). However, when the *Gates* case was decided, the Supreme Court concluded that the issue was not properly before it because the State of Illinois had not made such an argument in the State courts. *Illinois* v. *Gates*, *supra* at 217-222. Each side in this case filed a supplemental brief following the release of the decision in the *Gates* case.

We have declined to anticipate the Supreme Court's possible adoption of an exception to the exclusionary rule based on the reasonable, good faith conduct of the police in seeking and in executing a search warrant. See *Commonwealth* v. *Sheppard*, 387 Mass. 488, 507-508 (1982), cert. granted, 463 U.S. 1205 (1983). The question continues to be an open one, and until the Supreme Court concludes, if it ever does, that the exclusionary rule should not apply where particular conduct in violation of the Fourth Amendment was undertaken reasonably and in good faith, we shall not attempt to fashion such an exception for Federal constitutional purposes. That is not our proper function.

Even if we were to anticipate such an exception to the exclusionary rule, the circumstances of this case might not fall within the scope of such an exception. All that this record presents is the fact that the warrant was sought and obtained on what we have concluded was an inadequate showing of probable cause. It may be that the issuance of a warrant alone would be sufficient to fall within whatever exception to the exclusionary rule the Supreme Court might fashion, but perhaps more would be required to fit within

any such exception. On this record, we know nothing of the state of mind of the officer who swore to the facts on which the warrant was issued. We also know nothing about whether the officer reasonably believed the information on which he relied. We know nothing about what investigations might reasonably have been conducted before seeking the warrant. As to all of these points, the burden of going forward with supporting evidence could appropriately be placed on the Commonwealth, once a defendant has established the absence of probable cause to issue the warrant. In this respect, in a sense, the search might be treated as similar to a warrantless search, so as to place at least the burden of going forward with evidence on the Commonwealth. See *Commonwealth* v. *Antobenedetto*, 366 Mass. 51, 56 (1974).

In any event, the issue of good faith, reasonable conduct was not presented to the trial court. We may not be subject to self-imposed restraints against considering such matters for the first time on appeal to the same degree that the Supreme Court concludes it is. See *Illinois* v. *Gates, supra* at 217-222. We, however, would not be inclined to pass on such an issue where factual determinations at the trial court level seem to be required, or at least where the defendant should have had sufficient notice of the claim so that the defendant could have offered evidence tending to show that the police officer who sought the warrant lacked a reasonable, good faith belief in the propriety of what he was doing. See *Commonwealth* v. *Upton, supra* at 575 (question of the existence of exigent circumstances justifying a warrantless search may not be raised for the first time on appeal).

The judgment on the charge of unauthorized possession of a shotgun with a barrel less than eighteen inches in length is reversed and the finding of guilt is set aside. The order denying the defendant's motion to suppress is also vacated, and an order shall be entered allowing the motion to suppress.

Ordinarily, we do not consider appeals in cases placed on file. See *Commonwealth* v. *Boone*, 356 Mass. 85, 88 (1969). The defendant's conviction of possession of marihuana with

intent to distribute (second offense) was placed on file in open court, the defendant not objecting. However, there is no showing on the record of the defendant's affirmative assent. See *Commonwealth* v. *Delgado*, 367 Mass. 432, 438 (1975). We need not pause over the question whether the defendant's silence can be treated as an assent to the filing of the indictment. Assuming that he did assent, the suppression issue is the same as to each indictment. The conviction on the filed indictment is thus subject to the same weakness as is the conviction on the indictment on which he was sentenced. No adverse consequences to the defendant should come from the finding of guilt on the indictment placed on file. The indictment placed on file should be removed from its present status and appropriate relief granted consistent with the relief ordered in the case in which the defendant was sentenced.

*So ordered.*

LYNCH, J. (concurring). The majority opinion of the court relies in part upon *Commonwealth* v. *Upton, ante* 562 (1983), in which I dissented. Here, I agree that the affidavit, taken as a whole, fails to provide probable cause for the issuance of the search warrant even under the more relaxed standard that I would apply.