COMMONWEALTH *vs.* PAUL R. COUTURE.

Middlesex. December 6, 1989. - April 9, 1990.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Search and Seizure*, Truck, Probable Cause. *Probable Cause. Constitutional Law*, Search and seizure, Probable cause.

In a criminal case, a handgun seized by police during the warrantless search of a truck driven by the defendant was inadmissible in evidence, where the police had no probable cause to believe before stopping the vehicle that the defendant was then engaged or had been engaged in any criminal activity, and where the police had no reason to believe before searching the vehicle that the defendant had no license to carry a firearm. [180-183] NOLAN, J., dissenting.

COMPLAINT received and sworn to in the Lowell Division of the District Court Department on February 12, 1988.

On appeal to the jury session, a pretrial motion to suppress evidence was heard by *Neil J. Colicchio*, J.

An application for an interlocutory appeal was allowed by *Wilkins*, J., in the Supreme Judicial Court for the county of Suffolk and the appeal was reported by him.

*Cheryl A. Jacques*, Assistant District Attorney, for the Commonwealth.

*P. Scott Bratton* for the defendant.

*Robert Dowlut* of the District of Columbia & *Karen L. MacNutt*, for National Rifle Association of America, amicus curiae, submitted a brief.

LIACOS, C.J. The Commonwealth appeals from a judge's allowance of the defendant's motion to suppress a handgun which was uncovered during a warrantless search of the defendant's motor vehicle. A single justice of this court allowed the Commonwealth's application for interlocutory review and

reported the case to the full court. We affirm the ruling of
the motion judge.

The facts of the case, as found by the motion judge, are
these. On February 11, 1988, a clerk at a convenience store
in Lowell telephoned the local police and informed them that
a man inside the store had a small handgun protruding from
his right rear pocket. The clerk said that the man entered a
gray pickup truck with a New Hampshire registration num-
ber. The clerk reported the registration number to the police.

Officer Gary Richardson of the Lowell police department
received a national park ranger's radio transmission stating
that the ranger was following a truck which matched the
clerk's description and which bore the reported registration
number. Officer Richardson located and stopped the vehicle.
He approached with his service revolver drawn, ordered the
defendant, who was alone, out of the vehicle, and took him to
the rear of the truck. As his partner detained the defendant,
Officer Richardson searched the vehicle and found a small
.38 caliber pistol which was three or four inches under the
front seat, near the transmission. Officer Richardson testified
that he was not in fear for his safety at the time of the
search. The officer advised the defendant of his rights and
asked the defendant if he had a license for the gun. The de-
fendant replied that he did not have a license.

The judge allowed the defendant's motion to suppress the
firearm, citing *Commonwealth* v. *Toole*, 389 Mass. 159
(1983). We agree with the judge that this case is governed
by *Commonwealth* v. *Toole, supra.*

In *Toole*, a State trooper lawfully stopped the defendant's
vehicle and arrested the defendant on an outstanding arrest
warrant. The police ordered Toole to leave the vehicle, and a
subsequent "pat-frisk" revealed an empty holster and an am-
munition clip containing .45 caliber bullets. While Toole
waited in handcuffs with two State troopers at the rear of the
vehicle, another trooper searched the vehicle and found a .45
caliber gun behind the seat. After the search, Toole admitted
that he did not have a firearm identification card. The troop-
ers did not fear for their safety during the search. Toole was

charged with unlawfully carrying a firearm under his control in a vehicle. A judge in the Greenfield District Court allowed Toole's motion to suppress evidence of the gun.

We affirmed, stating that probable cause did not exist at the time of the search:[1]

> "[I]t has not [been] shown that, when the search was conducted, the police reasonably believed that there was a connection between the vehicle and any criminal activity of the defendant, an essential element to a finding of probable cause. . . . The empty holster and ammunition found on the defendant certainly created probable cause to believe that there was a gun in the cab. But *carrying a .45 caliber revolver is not necessarily a crime*. A possible crime was carrying a gun without a license to carry firearms, G. L. c. 269, § 10 (*a*). However, the police did not learn that the defendant had no firearm identification card until after the search. They apparently never asked the defendant whether he had a license to carry a firearm. [There was an] absence of any showing that, before searching the vehicle, the police had probable cause to believe that there was contraband, an illegally carried weapon, in the cab . . . ." (Citation and footnote omitted; emphasis supplied.) *Commonwealth* v. *Toole, supra* at 163-164.[2]

In the case at hand, the judge's findings and the record make clear that the police had no probable cause to believe that the defendant was or had been engaged in any criminal activity. There is no evidence to suggest, and the Commonwealth does not claim, that the defendant was acting suspiciously when he was seen by the clerk at the convenience

---

[1]We also held in *Toole* that the search in that case could not be justified as a search incident to a lawful arrest. G. L. c. 276, § 1 (1988 ed.).

[2]We reaffirmed *Toole*'s holding in *Commonwealth* v. *Nowells*, 390 Mass. 621, 627 (1983), when we stated: "The ownership or possession of a handgun (or a rifle) is not a crime and standing alone creates no probable cause." We noted in *Commonwealth* v. *Rojas*, 403 Mass. 483, 485 n.3 (1988), citing *Nowells*, that "possession of a handgun is not per se illegal."

store. There is no indication that the gun which was seen was used in any manner to threaten or intimidate the store clerk. There is no suggestion that the defendant lingered for an unusual period of time at the store or that he was "casing the joint" in preparation for a robbery. See *Terry* v. *Ohio*, 392 U.S. 1, 6 (1968). Rather, the police only knew that a man had been seen in public with a handgun. Under *Toole*, this unadorned fact, without any additional information suggesting criminal activity, does not give rise to probable cause. The police in this case had no reason to believe, before conducting the search of the vehicle, that the defendant had no license to carry a firearm. A police officer's knowledge that an individual is carrying a handgun, in and of itself, does not furnish probable cause to believe that the individual is illegally carrying that gun.

The Commonwealth argues that this conclusion conflicts with a body of law relating to G. L. c. 269, § 10 (*a*) (1988 ed.), the statute criminalizing the unlawful carrying of a firearm. We disagree. General Laws c. 269, § 10 (*a*), provides for the punishment of an individual who, "except as provided by law, carries on his person, or carries on his person or under his control in a vehicle, a firearm, loaded or unloaded." The statute lists four exceptions to this general rule, two of which include "having in effect a license to carry firearms" issued under G. L. c. 140, § 131 or § 131F (1988 ed.).

In *Commonwealth* v. *Jones*, 372 Mass. 403 (1977), we discussed the elements required to prove a violation of G. L. c. 269, § 10 (*a*). In that case, the Commonwealth presented no evidence to show that the defendant did not have a license to carry a firearm, and the defendant argued that there was error in the denial of his motion for a directed verdict and in the jury instructions on licensing. We affirmed the conviction for unlawfully carrying a firearm.

We stated in *Jones, supra* at 406:

"The holding of a valid license brings the defendant within an exception to the general prohibition against carrying a firearm, and is an affirmative defense. . . .

Absence of a license is not 'an element of the crime,' as that phrase is commonly used. In the absence of evidence with respect to a license, no issue is presented with respect to licensing. In other words, the burden is on the defendant to come forward with evidence of the defense. If such evidence is presented, however, the burden is on the prosecution to persuade the trier of facts beyond a reasonable doubt that the defense does not exist." (Citation omitted.)[3]

The Commonwealth argues that *Jones* and *Toole*, read together, lead to an "irrational" result, namely, that a police officer in the street must show more in determining that a gun is unlawfully carried than a prosecutor needs to prove to obtain a conviction. This argument is based on a superficial reading of the standard set forth in the *Jones* case. *Jones* dealt with the allocation of burdens in the context of a criminal trial. The particular burden to which the quoted passage from *Jones* pertains is not the burden of proof, but merely the burden of coming forward with evidence sufficient to raise an issue of fact. See P.J. Liacos, Massachusetts Evidence 37 (5th ed. 1981 & Supp. 1985). Where the defendant at trial has had every opportunity to respond to the Commonwealth's charge that the defendant was unlawfully carrying a handgun, where the defendant need only produce that slip of paper indicating that he was licensed to carry that gun, and where instead the defendant produces no evidence to that effect, the jury are entitled to presume that the defendant indeed did not have a license to carry the gun, and the Commonwealth need present no additional evidence to prove that point. This scenario is a far cry from a defendant

---

[3]Previously in the *Jones* opinion, *supra* at 405, we discussed the history and purpose of G. L. c. 278, § 7 (1988 ed.), which provides in part: "A defendant in a criminal prosecution, relying for his justification upon a license . . . shall prove the same; and, until so proved, the presumption shall be that he is not so authorized."

We held that this statute did not create an unconstitutional presumption, because it did not shift to the defendant the burden of proof on an element of the crime. *Id.* at 409.

who, having merely been seen in public with a handgun, and without any opportunity to respond as to whether he has a license, is forced out of his vehicle at gunpoint and subjected to an invasive search. The *Jones* standard does not make an open target of every individual who is lawfully carrying a handgun.

We briefly add that, while the motion judge did not address this issue, the Commonwealth is incorrect in its claim that the stop and subsequent search of the vehicle was justified under the principles of *Terry* v. *Ohio*, 392 U.S. 1 (1968). There is no question that the stop of the pickup truck constituted a seizure within the meaning of the Fourth Amendment to the United States Constitution. See *United States* v. *Cortez*, 449 U.S. 411, 417 (1981); *United States* v. *Brignoni-Ponce*, 422 U.S. 873, 878 (1975). "An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *United States* v. *Cortez*, *supra*. As we discussed above, there is absolutely no indication that the defendant in this case was engaged in criminal activity. The mere possession of a handgun was not sufficient to give rise to a reasonable suspicion that the defendant was illegally carrying that gun, and the stop was therefore improper under Fourth Amendment principles.

The order of the motion judge is affirmed.

*So ordered.*


NOLAN, J. (dissenting). It is a crime to carry on one's person or under one's control in a vehicle a firearm without a license. G. L. c. 269, § 10 (*a*) (1988 ed.). Such a weapon is contraband and, therefore, subject to seizure. See *Commonwealth* v. *Ortiz*, 376 Mass. 349, 354 (1978).

The police officer received a report that the defendant was carrying a firearm and that he was operating a pickup truck. Apparently, when the defendant was searched outside his truck, he did not have a firearm on his person. Was there

not, then, probable cause to believe that such weapon was in the defendant's truck? Clearly, the officer had a right to stop the defendant, order him out of the truck, and to "pat-frisk" him. Not finding the weapon on his person, it was not unreasonable for the officer to search the truck. Even *Commonwealth* v. *Toole*, 389 Mass. 159 (1983), on which the court relies entirely, recognizes the propriety of a search of a vehicle for contraband. *Id.* at 164.

This is just another regrettable extension of the already regrettable exclusionary rule. I firmly dissent.