NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-96

COMMONWEALTH

vs.

H.I.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The petitioner appeals from a District Court judge's order denying his petition for expungement.  See G. L. c. 276, § 100K. On appeal, the petitioner maintains that expungement was warranted because he sufficiently demonstrated that the record in the case "was created as a result of . . . demonstrable errors by law enforcement," and "demonstrable fraud perpetrated upon the court."  G. L. c. 276, § 100K (a) (3), (6).  He also claims that expungement "is in the best interests of justice." G. L. c. 276, § 100K (b).  We affirm.

Background.  The petitioner was charged with assault and battery on a family or household member after his wife called the police to their home and arriving responding officers

_____

[1] A pseudonym.

"hear[d] a female screaming" and, through a window, saw the petitioner "tightly grasping [his wife's] arm walking her toward the door." The petitioner's wife told one of the officers that she and the petitioner had been arguing over the petitioner placing cameras around their home, and the officer observed a bruise and scratches on the wife's arm. After he was arrested and charged, the petitioner filed a notice that he would claim self-defense. The petitioner also produced video footage that he maintained revealed his wife as the initial aggressor in the couple's physical altercations. The videos were from numerous dates but did not include footage from the night of his arrest.

The petitioner's wife would not consult with counsel regarding whether she had a privilege against self-incrimination under the Fifth Amendment to the United States Constitution and then failed to appear in court. The Commonwealth subsequently filed a nolle prosequi, citing the interests of justice.

The petitioner filed a petition to expunge the charge (or, alternatively, to seal the record), alleging errors by law enforcement or fraud perpetrated upon the court. With his petition, the petitioner filed (1) an affidavit recounting his version of events and (2) video clips that -- he maintained -- supported both his claim that the police failed to investigate the possibility that his wife was the aggressor, and

2

his claim that his wife had perpetrated a fraud on the court by calling the police on the night of his arrest.

After a hearing on the petition, at which the Commonwealth did not appear, the judge denied the petition to expunge and granted the petition to seal.

Discussion.  A judge may order the expungement of a criminal record if the judge finds, based on clear and convincing evidence, that the record was created because of "demonstrable errors by law enforcement" or "demonstrable fraud perpetrated upon the court."  G. L. c. 276, § 100K (a) (3), (6).  "Only after making such findings may a judge consider whether expungement would be in the best interests of justice" (quotation and citation omitted).  Commonwealth v. K.W., 490 Mass. 619, 625 (2022).  We review the judge's order for an abuse of discretion.  See Commissioner of Probation v. Adams, 65 Mass. App. Ct. 725, 737 (2006).  "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision, . . . such that the decision falls outside the range of reasonable alternatives."  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014), quoting Picciotto v. Continental Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008).

The petitioner claims that because the officers knew about the presence of cameras, they should have sought out and

3

reviewed the footage -- which he posits was potentially exonerating -- before arresting him, and that not doing so was demonstrable error.  See G. L. c. 276, § 100K (a) (3).

We decline to adopt the petitioner's reasoning.  The officers had probable cause to arrest the petitioner based on what they saw and heard.  Contemporaneous video footage that showed his wife being physically aggressive -- if, indeed, the footage showed that -- would not have changed that.  See Commonwealth v. Landry, 438 Mass. 206, 210 (2002) ("[P]robable cause exists where, at the moment of arrest, the facts and circumstances within the knowledge of the police are enough to warrant a prudent person in believing that the individual arrested has committed or was committing an offense" [citation omitted]).  There was no abuse of discretion in the judge's determination that neither the petitioner's arrest nor the creation of the record in this case was caused by law enforcement error.  See Adams, 65 Mass. App. Ct. at 737.

The petitioner further maintains that his wife's calling the police amounted to fraud perpetrated on the court.

> "A 'fraud on the court' occurs where . . . a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense."

4

Adams, 65 Mass. App. Ct. at 729-730, quoting Rockdale Mgmt. Co. v. Shawmut Bank, N.A., 418 Mass. 596, 598 (1994). We have distinguished "between a false allegation, on the one hand, and a deliberate scheme, on the other, typically involving others in the court system, combined with a larger pattern of harassment, that has been held to constitute fraud on the court." M.C.D. v. D.E.D., 90 Mass. App. Ct. 337, 342 (2016).

The petitioner claims that, although his wife only once involved the police or court system, that call combined with her alleged history of abuse amounts to a pattern of harassment. The petitioner further maintains that the hearing judge so found. We are not persuaded. As noted above, and contrary to the notion that the wife's abuse allegation was false, responding officers witnessed the petitioner roughly handling his wife, and neither the petitioner's affidavit nor the videos, which we have reviewed, contradict that evidence. The petitioner maintains that, at the expungement petition hearing, the judge credited the entirety of the petitioner's written affidavit as true.[2] We do not read the transcript this way.

The petitioner maintains that if we do not read the transcript as he asserts, we must remand the matter for written

---

[2] This argument is based on a statement the judge made during the hearing on the petition when, in response to the defense attorney's argument, the judge said, "[e]ven if I accept everything that you're saying, which I do. . . ."

5

findings under K.W., 490 Mass. at 632, which, he claims, requires written findings in this context. We do not understand that case to require written findings when a judge denies a petition to expunge pursuant to G. L. c. 276, § 100K (a), which does not involve the same level of discretion as a denial pursuant to § 100K (b). See K.W., supra at 632 (concluding, in case in which judge denied expungement based on best interests of justice pursuant to § 100K [b], that judges must enter written findings on orders denying expungement).

Even if the record showed that the petitioner's wife intended to make a false allegation, the judge did not abuse his discretion by not finding that those actions, under these circumstances, amounted to an "unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter" (citation omitted). Adams, 65 Mass. App. Ct. at 730.

We also have before us the petitioner's motion to "impound this appeal in its entirety," referred to this panel by the single justice. The motion is allowed. Counsel is to file, within two weeks of the issuance of the rescript, a proposed order as required by Rules 2 (a) and 8 of the Uniform Rules on Impoundment Procedure, Trial Court Rule VIII (2015), for consideration by the panel. See S.J.C. Rule 1:15 (b), as

6

appearing in 472 Mass. 1301 (2015) (requests for impoundment in Appeals Court governed by provisions of Trial Court Rule VIII).

Conclusion.  The hearing judge did not abuse his discretion by denying the petition for expungement pursuant to G. L. c. 276, § 100K (a).  The order is affirmed.

So ordered.

By the Court (Rubin, Singh & Hershfang, JJ.[3]),

Assistant Clerk

Entered:  February 1, 2024.

---

[3] The panelists are listed in order of seniority.