COMMONWEALTH *vs.* STANLEY BYFIELD. No. 91-P-228. January 29, 1992. *Constitutional Law*, Search and seizure, Probable cause. *Search and Seizure*, Affidavit, Probable cause. *Probable Cause*. Further appellate review granted, 412 Mass. 1102 (1992).

The defendant was convicted of unlawful possession of a Class B substance (cocaine) in violation of G. L. c. 94C, § 34. On appeal, the defendant argues that his pretrial motion to suppress should have been allowed because the affidavit of the police officer did not furnish probable cause for the issuance of a search warrant. We agree.

Relying on information supplied by a confidential informant, Detective Gosselin of the Boston police department drug control unit prepared the affidavit used to obtain a search warrant for 19 Dakota Street in the Dorchester section of Boston. Under the familiar *Aguilar-Spinelli* standard,[1] "the Commonwealth must demonstrate some of the underlying circumstances from which (a) the informant gleaned his information (the 'basis of knowledge' test), and (b) the law enforcement officials could have concluded the informant was credible or reliable (the 'veracity' test)." *Commonwealth* v. *Cast*, 407 Mass. 891, 896 (1990). "If an informant's tip fails to satisfy one of the two prongs, independent corroboration in the

---

[1] The evidence that the fingerprints were "fresh" adds support to the reasonable inference that the jury could draw.

[1] See *Aguilar* v. *Texas*, 378 U.S. 108 (1964), and *Spinelli* v. *United States*, 393 U.S. 410 (1969). See also *Commonwealth* v. *Upton*, 394 Mass. 363, 374-376 (1985).

affidavit may supplement the informant's tip to support a finding of probable cause." *Commonwealth* v. *Parapar*, 404 Mass. 319, 321-322 (1989).

The affidavit states that within the past four days the informant ("It") went with a friend to the first floor of 19 Dakota Street in Dorchester, where they were greeted by a black West Indian woman. Once inside the apartment, the friend asked for a "forty" and gave the woman forty dollars. The woman went into another room and returned with a paper packet which she handed to the friend.[2] The two then left the apartment. "It" described the building at 19 Dakota Street as "a light green, wooden, multiple-apartment structure on the corner of Claiborne Street." The affiant then states that after receiving the information from the informant, he made several observations of 19 Dakota Street during day and night hours and observed several young black men entering the building, staying a moment or two, exiting the building and leaving the area. The affiant further states that "19 Dakota Street appears exactly as 'It' describes: light green in color, at least three apartments and of wooden construction."

Recognizing our duty to evaluate affidavits in a commonsense and realistic fashion, rather than a hypertechnical manner (*Commonwealth* v. *Stewart*, 358 Mass. 747, 750 [1971]), we conclude that this affidavit does not pass muster under the *Aguilar-Spinelli* standard. The information concerning the informant's basis of knowledge is wholly lacking in the level of detail necessary to establish probable cause. Contrast *Commonwealth* v. *Carrasco*, 405 Mass. 316 (1989). "We . . . accept only inferences which an experienced magistrate could draw as a common sense conclusion from the information set forth in the affidavit." *Commonwealth* v. *Taglieri*, 378 Mass. 196, 199, cert. denied, 444 U.S. 937 (1979). The peculiar experience and knowledge of a magistrate may not support the issuance of a warrant. *Id.* at 198. Nor in the probable cause determination may we consider oral statements given to the magistrate which do not appear in the affidavit. See *Commonwealth* v. *Cefalo*, 381 Mass. 319, 329 (1980).

The fact that the informant observed a transaction susceptible of different meanings does not permit the magistrate to conclude that drug activity was occurring. See note 2, *supra*. However, if the affiant had particular expertise in identifying this type of transaction as one involving drugs, that expertise (or experience) should have been disclosed in the affidavit. See *Commonwealth* v. *Taglieri*, 378 Mass. at 199; *Commonwealth* v. *Kaufman*, 381 Mass. 301, 305 (1980). Likewise, the affidavit should then disclose the special significance of the evidence. *Commonwealth* v. *Taglieri*, *supra*. The affidavit, here, disclosed neither.

The description of the premises at 19 Dakota Street does little to buttress the informant's basis of knowledge. The premises is described merely as "a light green, wooden, multiple-apartment structure on the corner of

---

[2] The affidavit is silent as to the informant's knowledge of the contents of the paper packet.

Claiborne St." This information could be obtained by any passerby. See *Commonwealth* v. *Gisleson*, 6 Mass. App. Ct. 911, 912 (1978). The informant did not provide any particularized details with regard to the interior of the apartment, its furnishings, or other distinguishing characteristics. See *Commonwealth* v. *Rojas*, 403 Mass. 483, 487 (1988). See also *Commonwealth* v. *Kaufman*, 381 Mass. at 302-303.

As to the sufficiency of the veracity prong of the *Aguilar-Spinelli* test, the affidavit appears to be marginal. The affiant states that this informant provided information on several occasions in the past leading to the arrests of three named individuals, whose cases are pending in the District Court. This is insufficient to establish the informant's veracity. *Commonwealth* v. *Rojas*, 403 Mass. at 486. *Commonwealth* v. *Melendez*, 407 Mass. 53, 59 (1990). *Commonwealth* v. *Mejia*, 411 Mass. 108 (1991). The affiant does also state, however, that the informant had provided information leading to the arrest *and conviction* of another named individual. Although information leading to only one arrest and conviction satisfies the veracity test (see *Commonwealth* v. *Kaufman*, 381 Mass. at 302), "regardless of the qualification of [the] informant as a source, the information provided was not enough to base a warrant . . . ." *Ibid*.

Neither can the police "corroboration" save the affidavit. See *Commonwealth* v. *Kaufman*, 381 Mass. at 303. The only information proffered by the police concerned the physical description of the exterior of the premises and observations by the affiant of several young black men entering and leaving the apartment building. The affidavit does not even state which of the three apartments the young men were entering. Nor does it state anywhere that this type of traffic is consistent with drug activity. On its face, this appears to be little more than corroboration of innocent details and cannot provide the basis for a finding of probable cause. See *Commonwealth* v. *Gisleson*, *supra*.

> *Judgment reversed.*
> *Verdict set aside.*
> *Judgment for the defendant.*

*Thomas A. Connors* for the defendant.
*Lauren Inker*, Assistant District Attorney, for the Commonwealth.