COMMONWEALTH *vs.* STANLEY BYFIELD.

Suffolk. April 8, 1992. - August 14, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Constitutional Law*, Search and seizure, Probable cause. *Search and Seizure*, Affidavit, Probable cause. *Probable Cause*.

An affidavit in support of an application for a search warrant provided the magistrate with probable cause to issue the warrant by setting forth the circumstances from which the magistrate could determine the basis of the unnamed informant's knowledge (personal observation) and veracity (prior instances of providing information resulting in arrests and seizure of contraband); further, the magistrate could properly conclude that the affidavit's reference to the purchase and sale of a "forty" was a reference to a transaction involving contraband. [428-431]

INDICTMENT found and returned in the Superior Court Department on July 11, 1989.

A pretrial motion to suppress evidence was heard by *John J. Irwin, Jr.*, J., and the case was tried before *Elbert Tuttle*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Thomas A. Connors* for the defendant.

*Lauren Inker*, Assistant District Attorney, for the Commonwealth.

LIACOS, C.J. On November 1, 1989, prior to trial on a charge of trafficking in a Class B substance (cocaine), see G. L. c. 94C, § 32E (*b*) (1990 ed.), the defendant, Stanley Byfield, filed a motion to suppress evidence seized during the execution of a search warrant. The defendant argued that the affidavit filed in support of the application for the warrant did not establish probable cause and, thus, that the search violated his rights under the Fourth Amendment to

the Federal Constitution and under art. 14 of the Declaration of Rights of the Massachusetts Constitution. A judge in the Superior Court denied the motion on November 16, 1989.[1] On January 10, 1990, following trial, the defendant was convicted of unlawful possession of cocaine. See G. L. c. 94C, § 34 (1990 ed.).[2] The defendant appealed from his conviction, challenging the judge's denial of his motion to suppress. The Appeals Court agreed that the affidavit supporting the application for the search warrant did not furnish probable cause, and it reversed the judgment. 32 Mass. App. Ct. 912 (1992). We granted the Commonwealth's application for further appellate review. We affirm the judgment of the Superior Court.

1. *Background.* On June 12, 1989, a clerk-magistrate of the Dorchester District Court issued a search warrant in response to an application filed by Detective Donald S. Gosselin of the Boston police department's drug control unit. In an affidavit accompanying the application, Detective Gosselin stated that he had received a tip from a confidential informant who had provided information in the past leading to the arrest of three individuals and to the arrest and conviction of a fourth individual, all on drug-related charges. According to the affidavit,[3] the informant and a friend had visited the first

---

[1] The defendant also argued that the police failed to "knock and announce" their identity prior to entering the apartment to be searched under the warrant. See *Commonwealth* v. *Goggin,* 412 Mass. 200 (1992). The motion judge found to the contrary, and the defendant does not pursue the point on appeal.

[2] On January 11, 1990, the defendant was sentenced to a one-year term, suspended, at the Suffolk County house of correction, and to two years' probation.

[3] The affidavit reads in pertinent part as follows:

"'IT' [the informant] now directs my attention to 19 Dakota St., Dorchester MA, which 'IT' describes as a light green, wooden, multiple-apartment structure on the corner of Claiborne St. 'IT' tells me that within the past four days that 'IT' and a friend went to the first floor apartment of this address and were greeted at the door by a West Indian black female. ('IT' further describes this B/F as dark-skinned, 5'2, 130 lbs., with short, straightened black hair). Once allowed inside the apartment, the friend asked for a 'forty' and gave

floor apartment at 19 Dakota Street in the Dorchester section of Boston within the previous four days and were greeted at the door by a woman. Once inside the apartment, the friend asked the woman for a "forty" and gave her $40. The woman went into another room momentarily and returned with a paper packet, which she gave to the friend. The affidavit did not indicate whether the informant was aware of the contents of the packet. The informant and the friend then left the apartment. Detective Gosselin further stated in his affidavit that he had made observations of the building and that he had seen several young males entering the building, staying a moment, exiting the building, and leaving the area. The magistrate issued a search warrant for cocaine and related paraphernalia.

2. *Probable cause.* Both art. 14 of the Declaration of Rights and the Fourth Amendment to the Federal Constitution require a magistrate to determine that probable cause exists before issuing a search warrant.[4] Under the more stringent standards of art. 14, an application for a search warrant that relies on information provided by a confidential informant must, as an initial matter, comply with the principles developed in *Aguilar* v. *Texas*, 378 U.S. 108 (1964), and

---

the female forty dollars in currency. The female went into another room for a moment and returned with a paper packet, which she handed to the friend. 'IT' and the friend left the apartment."

[4]Article 14 provides: "Every subject has a right to be secure from all unreasonable searches, and seizures, of his person, his houses, his papers, and all his possessions. All warrants, therefore, are contrary to this right, if the cause or foundation of them be not previously supported by oath or affirmation; and if the order in the warrant to a civil officer, to make search in suspected places, or to arrest one or more suspected persons, or to seize their property, be not accompanied with a special designation of the persons or objects of search, arrest, or seizure; and no warrant ought to be issued but in cases, and with the formalities prescribed by the laws."

"We have equated the word 'cause' in art. 14 with the words 'probable cause.'" *Commonwealth* v. *Upton*, 394 Mass. 363, 370 (1985).

The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

*Spinelli* v. *United States*, 393 U.S. 410 (1969), in order to establish probable cause. *Commonwealth* v. *Upton*, 394 Mass. 363, 374 (1985).[5] "Under the *Aguilar-Spinelli* standard, if an affidavit is based on information from an unknown informant, the magistrate must 'be informed of (1) some of the underlying circumstances from which the informant concluded that the contraband was where he claimed it was (the basis of knowledge test), and (2) some of the underlying circumstances from which the affiant concluded that the informant was "credible" or his information "reliable" (the veracity test). . . . If the informant's tip does not satisfy each aspect of [this] test, other allegations in the affidavit that corroborate the information could support a finding of probable cause. . . .' " (Citations omitted.) *Id.* at 374-375.

Detective Gosselin's affidavit satisfied the *Aguilar-Spinelli* test. The informant provided information that the purchase and sale of a "forty" — that is, the exchange of $40 for a paper packet — took place at the apartment in question. Because the basis of this knowledge was personal observation by the informant, the first prong of the test was satisfied. See *Commonwealth* v. *Montanez*, 410 Mass. 290, 300 (1991); *Commonwealth* v. *Valdez*, 402 Mass. 65, 70 (1988).

Despite its use of the unexplained term "forty" and its failure to refer explicitly to cocaine, Detective Gosselin's affidavit did furnish the clerk-magistrate with probable cause to conclude that the term referred to contraband. We have held repeatedly that a magistrate should rely on "[r]easonable inferences and common knowledge . . . in determining probable

---

[5]In *Illinois* v. *Gates*, 462 U.S. 213, 238 (1983), the Supreme Court rejected the *Aguilar-Spinelli* test for "probable cause determinations" under the Fourth Amendment and instead adopted a less stringent "totality-of-the-circumstances" approach. Thus, "art. 14 provides more substantive protection to criminal defendants than does the Fourth Amendment in the determination of probable cause." *Upton, supra* at 373 (unknown informant's reliability). We review the contested search in light of the more stringent standards of art. 14, with the understanding that, if these standards are met, so too are those of the Fourth Amendment. See, e.g., *Commonwealth* v. *Carrasco*, 405 Mass. 316, 322 (1989).

cause." *Commonwealth* v. *Alessio*, 377 Mass. 76, 82 (1979).[6] In the case before us, it was only realistic for the magistrate to conclude that the transaction witnessed by the informant involved illegal drugs. The common parlance of the drug trade (i.e., a "forty" is a $40 packet of contraband drugs) is within the common knowledge of the community. See *Commonwealth* v. *Labelle*, 15 Mass. App. Ct. 175, 179 (1983) (magistrate may exercise common knowledge in drawing conclusions). Cf. *Commonwealth* v. *Reid*, 29 Mass. App. Ct. 537, 538-539 (1990) ($40 may indicate drug transaction, but evidence failed to show the defendant to be a seller and not a buyer). Additionally, it is not without significance that all four prior instances of information obtained from the same informant resulted in seizure of cocaine. In these circumstances, making such a commonsense inference did not require the clerk magistrate to employ any specialized knowledge. See *Commonwealth* v. *Taglieri*, 378 Mass. 196, 198-199, cert. denied, 444 U.S. 937 (1979) (affiant must explain inferences that do not follow from common sense; "issuance of a warrant . . . should not turn on who the magistrate is or how much special knowledge he may have").[7] We agree with the Appeals Court that the transac-

---

[6]We adopt a commonsense approach in reviewing searches under the Fourth Amendment as well as under art. 14. See *Illinois* v. *Gates*, *supra* at 238 ("The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place").

[7]We note that the affidavit in this case is not a model for the future. Certainly it would have been preferable had the affiant stated that, based on his experience, he was making the inference that a "forty" referred to a quantity of cocaine. We reiterate that, "if a seemingly minor fact has particular significance to an expert, not apparent from common knowledge and experience, because of the method by which criminal operations are conducted, the affidavit should disclose its significance." *Commonwealth* v. *Taglieri*, 378 Mass. 196, 199, cert. denied, 444 U.S. 937 (1979).

In addition, the affiant's observation of several young men visiting the building for short periods of time did not contribute to a finding of probable cause. There was no evidence that these individuals visited the particular apartment for which the search warrant was issued. While the same

tion witnessed by the informant was susceptible of other interpretations, 32 Mass. App. Ct. at 913, but we note that the affidavit must only establish probable cause, not proof beyond a reasonable doubt. See *Commonwealth* v. *Truax*, 397 Mass. 174, 178 (1986), and cases cited.

Detective Gosselin's affidavit further stated that the informant previously had furnished information leading to the arrest and conviction of a named individual for possession of cocaine with intent to distribute. This statement satisfied the veracity prong of the test. See *Montanez, supra*. The affidavit also indicated that the informant had provided information leading to the arrest of three named individuals for possession of cocaine and marihuana, and that "[s]eized in these arrests were a quantity of cocaine and marijuana." See *Commonwealth* v. *Perez-Baez*, 410 Mass. 43, 46 (1991) (informant's veracity established when tip led to seizure of contraband). We conclude that Detective Gosselin's affidavit furnished the magistrate with probable cause to issue a search warrant for the apartment in question. The search satisfied the requirements of art. 14, and thus also of the Fourth Amendment. We affirm the denial of the defendant's motion to suppress. We affirm the judgment of the Superior Court.

*So ordered.*

was true in *Commonwealth* v. *Valdez*, 402 Mass. 65, 71 & n.4 (1988), the visitors in that case were known drug users. No such allegation appeared in Detective Gosselin's affidavit.