COMMONWEALTH *vs.* JAMES GRADY (and five companion cases[1]). No. 91-P-678. August 19, 1992. *Constitutional Law*, Search and seizure, Probable cause. *Search and Seizure*, Affidavit, Probable cause. *Probable Cause*.

Less than two months after a judge of the Superior Court suppressed evidence in this case, on the ground of inadequacy of the affidavit offered in support of the search warrant which led to the evidence, the Supreme Judicial Court announced its decision in *Commonwealth v. Perez-Baez*, 410 Mass. 43 (1991). That opinion requires reversal of the order of suppression in this case. The Commonwealth was granted permission to take an appeal from the suppression order by a single justice of the Supreme Judicial Court, acting under Mass.R.Crim.P. 15(b)(2), 378 Mass. 884 (1979).

As in *Perez-Baez*, the police officer who applied for a search warrant[2] had information from a confidential informant who on previous occasions had provided intelligence which had led to arrests *and* to the seizure of narcotic drugs. See *Commonwealth v. Perez-Baez*, 410 Mass. at 45-46. In the instant case, the applicant's affidavit described four such occasions, three involving the seizure of drugs and the fourth, the seizure of an unlawfully possessed firearm. *Perez-Baez* placed a gloss on a previous opinion, *Commonwealth v. Rojas*, 403 Mass. 483, 486 (1988), which stood for the proposition that confidential information which had led to prior arrests and nothing more was inadequate to pass the veracity test required of an informant. This was because "[a]n arrest may turn out to be a dud," prompting doubt about the trustworthiness of the information which induced the arrest. *Commonwealth v. Shea*, 28 Mass. App. Ct. 28, 31 (1989). Here, seizure of contraband is an indicator that the informant's report was accurate.

---

[1]Two against James Grady and three against Angela Johnson.

[2]To search for drugs, an assault firearm, and ammunition in an apartment on the second floor of 6 Hecla Street, Dorchester.

That might be the end of the discussion were it not that the affidavit in *Perez-Baez* had disclosed the names of the persons previously arrested on the strength of information supplied by the confidential informant. At least the names of the arrested persons, the defendants argue, gave the magistrate something to go on in verifying the bona fides of the informant on those previous occasions and names, therefore, are required on the occasion at hand. In the instant case the names of the persons previously arrested were not disclosed, lest disclosure infallibly disclose the identity of the informant. A similar point was considered in *Commonwealth* v. *Shea*, 28 Mass. App. Ct. at 31, in which we said that specificity about prior convictions achieved, "which would trench more or less on the informant's anonymity, is not demanded." There is no distinction of consequence between references to unidentified convictions or unidentified arrests and seizures.

The affidavit furnished probable cause for issuance of the warrant. The suppression order was improvidently entered (the judge not having the benefit of the *Perez-Baez* decision) and is reversed. The cases are remanded to the Superior Court.

*So ordered.*

*Susan Underwood*, Assistant District Attorney, for the Commonwealth.

*Patricia A. O'Neill*, Committee for Public Counsel Services, for James Grady.

*Kernahan Buck*, for Angela Johnson, was present but did not argue.