Toomey, J.
BACKGROUND
Defendant (Paulino) and another (Regalado) were arrested after execution of search warrants upon 42 Catherine Street, Apartment 7, wherein Paulino and Regalado were found, and upon 40 Catherine Street, Apartment 1, wherein heroin and packaging items were found. Paulino was accused by an indictment charging him with trafficking in heroin (28-100 grams) and responded with a motion to suppress the results of both searches.[1]
His motion advances two contentions. First, he claims that the affidavit in support of the warrants fails to demonstrate sufficiently the veracity of the confidential informant upon whose contribution the magistrate’s determination of probable cause to issue the warrants was founded. And, second, he asserts that the informant’s contribution constituted a misrepresentation of sufficient gravity to compel a Franks hearing. This court concludes, for the following reasons, that neither contention possesses merit.
FACTS
THE VERACITY ISSUE
The affidavit upon which the issuing magistrate based his determination of probable cause recited the following circumstances pertinent to the reliability of the informant:
1. Another police agency assured the affiant that the informant was “reliable.”
2. That other police agency reported that the informant had made “three controlled buys” on behalf of the agency.
3. Information obtained as a result of those three incidents resulted in the issuance of a search warrant, the execution of which produced six ounces of cocaine.
4. Having informed the affiant of the street address and apartment numbers of the locations in which he had observed the packaging of heroin, the informant went to the area and correctly identified those locations to the affiant.
THE FRANKS ISSUE
The affidavit recites that the informant described Regalado, a packager of heroin in both locations, as:
... a Dominican male named Antonio Regalado, he is approximately 5’7"-5’9" tall, has light skin, a thin build, 140-150 lbs, he is in his early 40s, clean shaven and has short black hair.
(Emphasis added.) Defendant has provided the court with a booking photograph of Regalado and Paulino, taken immediately after execution of the search warrant; the photograph depicts Regalado as sporting a trimmed moustache and Paulino as adorned with abundant facial hair.
DISCUSSION
THE VERACITY ISSUE
While the bald assertion from the unnamed police agency that the informant was “reliable,” is insufficient to satisfy the veracity prong of the Aguilar-Spinelli-Upton standard, Commonwealth v. Kaufman, 381 Mass. 301, 302 (1980), the inclusion at bar of underlying circumstances, from which the issuing magistrate could gauge the informant’s reliability, does comport with the standard. Having been apprised, through the affidavit, of the prior reliability of the informant by reason of his three “controlled buys” and by reason of the seizure of cocaine pursuant to a warrant issued upon his contributions, the magistrate was justified in concluding that the informant was credible. Commonwealth v. Perez-Baez, 410 Mass. 43, 46 (1991). Contrast Commonwealth v. Rojas, 403 Mass. 483, 486 (1988) (arrest, without assertion that informant’s tip led also to discovery of items, thus suggesting accuracy of tip, is insufficient to demonstrate credibility of informant). See also, Commonwealth v. Byfield, 413 Mass. 426, 431 (1992), Commonwealth v. Bakoian, 412 Mass. 295, 299 n. 3 (1992); and Commonwealth v. Grady, 33 Mass.App.Ct. 917 (1992), all of which stand for the proposition that a prior arrest plus confiscation based on a tip permit the tipster to be characterized later as credible.
Although the allusion in the affidavit to the informant’s accurately identifying the locations he had earlier described was only minimally corroborative of his credibility, the reference provided the magistrate with a measure of confidence for his conclusion, from the informant’s “track record,” as to the satisfaction of the veracity prong. The defendant’s attack upon the affidavit’s showing of the informant’s veracity is thus without merit.[2]
THE FRANKS ISSUE
Defendant maintains that the informant described Regalado as clean-shaven, according to the affidavit, while Regalado in fact was mustachioed, according to the booking photograph. He contends, therefore, that the informant was shown to have misrepresented and *522 a Franks inquiry is warranted. The contention is unavailing.
Franks v. Delaware, 438 U.S. 154, 155-56 (1978), requires an inquiry where defendant makes a “substantial preliminary showing” that the affiant “knowingly, intentionally or with reckless disregard for the truth” included a materially false statement in the affidavit. The facts at bar are at great distance from the Franks premise.
First, the Franks analysis compels a focus not upon the accuracy of the informant’s information, but upon the affiant’s state of mind in relaying the information through the affidavit. Commonwealth v. Amral, 407 Mass. 511, 519, n.8 (1990). At bar, defendant makes no “substantial, preliminary showing” as to the affiant’s state of mind. His salvo at the informant is misdirected and thus scuttles his Franks request. Commonwealth v. Corriveau, 396 Mass. 319, 334 (1985); Commonwealth v. Fillipidakis, 29 Mass.App.Ct. 679, 687, n.6 (1991).
Second, the informant’s assertion with respect to Regalado’s tonsorial condition is not necessarily false. Whether or not Regalado was “clean-shaven” may be a function of the eye of the beholder. In the photograph, his chin, cheeks and jowls are certainly hairless and his mustache is neatly trimmed. In contrast to Paulino, who appears spectacularly hirsute, a description of Regalado as “clean-shaven” may well be accurate.
Finally, even if we assume that an assault on the informant’s accuracy is an appropriate Franks-Amaral gambit and that the informant’s description of Regalado’s appearance was factually erroneous, defendant stumbles on the immateriality of that error. The alleged inaccuracy must have been “necessary to the finding of probable cause” before the Franks inquiry is triggered. Commonwealth v. Amaral, 407 Mass. 511, 519 (1990). At bar, the inaccuracy, if such it be, is wholly without impact on the question of probable cause. Whether Regalado was or was not clean shaven was not an operative consideration in the magistrate’s determination of probable cause. Absent materiality, a Franks-Amaral inquiry is not implicated and Paulino’s request therefor will be denied.
CONCLUSION
For the foregoing reasons, defendant Paulino’s motion to suppress is DENIED and his request for a FRANKS inquiry is DENIED.

 Although defendant filed no motion to suppress, he did orally request, in open court, that he be treated as having joined in his co-defendant’s motion (Commonwealth v. Regalado, Worcester Superior Court No. 94-0280). The request, to which the Commonwealth did not object, was allowed. The Regalado motion was not determined because developments in that case rendered it moot.

 Although defendant’s memorandum also assails the basis of knowledge prong of the Aguilar-Spinelli-Upton standard, his oral presentation of his motion focused only on the credibility issue. In my discretion, I do not treat the basis of knowledge issue as thus waived. I do find the argument to be without merit, however, because the affidavit plainly recites that the informant personally observed the recent packaging of heroin in the target apartments. Commonwealth v. Aarhus, 387 Mass. 735, 744 (1982).