Connolly, J.
Defendant, Roberto Espinol (Espinol), was indicted on December 15, 1993 on charges of trafficking in cocaine in violation of G.L.c. 94C, §31. Espinol now moves to suppress all evidence obtained as a result of a search of 48 Essex Street, Lynn, Massachusetts conducted on August 5, 1993 pursuant to a search warrant. As grounds for suppression, Espinol claims that the search warrant was issued without probable cause. The Commonwealth opposes the motion on the grounds that Espinol failed to comply with Mass.R.Crim.P. 13(a)(2) and furthermore the search warrant affidavit established probable cause. Based on the following the Motion to Suppress is denied.
BACKGROUND
In July of 1993, Massachusetts State Trooper Michael Grassia (Grassia), along with Massachusetts State Trooper Jaime Cepero (Cepero) met with a confidential informant, “Teddy.” Teddy advised Grassia and Cepero that a man known as "Pedro” had access to large amounts of cocaine. Teddy confirmed that “Pedro” was Pedro Saletino (Saletino) after Grassia showed him a picture of Saletino. Grassia had arrested and charged Saletino with distribution of a class B controlled substance on June 2, 1993 in Chelsea after he purchased 35 baggies of crack cocaine from Saletino. These charges were pending at the time the search warrant was issued.
On August 3, 1993, Teddy arranged for Cepero to meet Saletino for the purpose of purchasing 62 grams of cocaine. Cepero and Teddy met with Saletino who directed them to 48 Essex Street, Lynn, Massachusetts (48 Essex Street). Saletino told Teddy and Cepero that the cocaine was at 48 Essex Street.
Saletino and Teddy entered 48 Essex Street while Cepero waited in the car. Teddy had been given a predetermined amount of money to purchase the cocaine. Teddy left 48 Essex Street and entered Cepero’s automobile. At that time, Teddy handed Cepero a clear plastic bag containing white rock and powder later determined to be cocaine. Teddy informed Cepero and Grassia that the cocaine was purchased inside 48 Essex Street in the first floor apartment and it was broken from a much larger slab of cocaine which he observed. Teddy told the officers that the smaller piece of cocaine was weighed on a scale and then handed to Teddy bagged. After the buy, Teddy was searched for money and contraband and none was found.
Surveillance units at 48 Essex Street observed an automobile in the driveway listed to Juan Figero (Figero) of 48 Essex Street, Lynn, Massachusetts. A probation check on Figereo revealed that he was convicted on 3 counts of distribution of Class B cocaine and received an 18-month suspended sentence.
Grassia sought a search warrant for 48 Essex Street and listed the items he believed would be found at the address including, cocaine, paraphernalia used in cutting, weighing and bagging for distribution, all materials, products, equipment used in manufacturing etc. of controlled substances, and all books, papers, ledgers, monies, and records evidencing the distribution of controlled substances.
The warrant was issued on August 5,1993 and was executed at 3:25 p.m. on August 6, 1933 with Espinol present. Items seized during the search included among other things, over $11,000 in cash, cutting agents, a digital scale, numerous .38 caliber bullets, a beeper and numerous notebooks containing names, telephone numbers, notations and figures. Espinol *627 was present during the search and was arrested. He was indicted in December 1933 on the charge of cocaine trafficking.
DISCUSSION
An affidavit in support of a search warrant based on information from a confidential informant must satisfy the two pronged Aguilar-Spinelli test before a finding of probable cause can be made. Commonwealth v. Upton, 394 Mass. 363, 374 (1985). Under Aguilar-Spinelli, the affidavit must set forth facts of 1) some of the underlying circumstances from which the informant concluded that the items were where he claimed they were (the basis of knowledge test), and 2) some of the underlying circumstances from which the affidavit concluded that the informant was credible or reliable (the veracity test). Id. at 375.
The basis of knowledge test may be satisfied by 1) the informant’s personal observations of criminal activity by the defendant, 2) a highly detailed tip, or 3) independent corroboration of the informant’s tip. Commonwealth v. Spano, 414 Mass. 178, 184-85 (1993), In the present case, Grassia attests to the fact that Teddy informed him and Cepero that he purchased the cocaine on August 3, 1993 inside 48 Essex Street in the first floor apartment and that it was broken from a much larger slab of cocaine which he observed.
Teddy informed Grassia and Cepero that the smaller piece of cocaine was weighed on a scale for Teddy and then handed to him bagged. This personal observation of illegal drug activity established Teddy’s basis of knowledge and satisfied the first prong of the Aguilar-Spinelli test. Id. at 185.
Espinol concedes that Teddy satisfies the veracity-prong of Aguilar-Spinelli.[1] Thus, the affidavit of Gras-sia satisfies the Aguilar-Spinelli test and accordingly the information provided by Teddy was sufficient to establish probable cause to issue the warrant.
Espinol argues that because the police failed to ascertain that Teddy was not already in possession of contraband prior to making the controlled purchase, the purchase of cocaine did not afford probable cause to search 48 Essex Street. See Commonwealth v. Benlien, 27 Mass.App.Ct. 834, 837-39 (1989). In the Benlien case, the court stated that “the affidavit, so far as it bore on the ‘reliability’ of the informer . . . might be less than solid, were it not for the account of the controlled buy” which stated that the informant had been searched prior to the buy. Id. at 838. The Benlien court quotes LaFave who writes “the purpose of the search of the informer and his being escorted to the place of purchase was to eliminate both as much as possible of the hearsay aspects of the search warrant request and to reduce the reliance on ‘veracity’ to a minimum. The magistrate had enough facts . . . and had them in a form which rendered extended evaluation of the informant’s credibility unnecessary.” Id. at 839, citing 1 LaFave, Search and Seizure, §3.3(f) at 686-87 (2d. ed. 1987) (emphasis added).
The Benlien court was concerned with the weakness in the showing of reliability in the affidavit, and LaFave was referring to a situation in which corroboration will suffice to show veracity. Id. at 838-39. The court determined that the account of the controlled buy, showing the informants cooperation with police repaired the weakness in the showing of reliability. Id. at 838. In the present case, Teddy’s veracity has been established in Grassia’s affidavit and conceded to by Espinol, thus the citations from Benlien which Espinol relies upon are inapplicable to this case.
ORDER
Based on the foregoing, it is ORDERED that defendant Roberto Espinol’s motion to suppress is DENIED.

 Regardless of this concession, the veracity test is satisfied as Grassia attests to the fact that Teddy had provided information in the past which led to the arrests and convictions of certain individuals for drug trafficking and the seizure of cocaine and marijuana. See Commonwealth v. Byfield, 413 Mass. 426, 431 (1992).