The Commonwealth appeals from orders of a Boston Municipal Court judge allowing the defendants' motions to suppress evidence seized pursuant to execution of two search warrants. We reverse.
"Where an unnamed informant's tip is relied on by the police as supplying probable cause to arrest and to search, art. 14 [of the Massachusetts Declaration of Rights] requires that the information satisfy the two-pronged standard set forth in Aguilar v. Texas, 378 U.S. 108 (1964), and Spinelli v. United States, 393 U.S. 410 (1969)." Commonwealth v. Gonzalez, 90 Mass. App. Ct. 100, 103 (2016), quoting from Commonwealth v. Welch, 420 Mass. 646, 650 (1995). The Commonwealth "must (1) demonstrate the basis of the informant's information and (2) put forward sufficient indicia of veracity to justify probable cause." Gonzalez, supra, quoting from Commonwealth v. Crawford, 410 Mass. 75, 78 (1991). The sole point of controversy on appeal is whether the affidavit, citing information provided by a confidential informant (CI), submitted in support of the search warrants, satisfied the veracity prong of the Aguilar-Spinelli test.[3]
The Aguilar-Spinelli test is not to be applied "hypertechnically." Commonwealth v. Upton, 394 Mass. 363, 374 (1985). Rather, "affidavits for search warrants should be interpreted 'in a commonsense and realistic fashion,' " Commonwealth v. Donahue, 430 Mass. 710, 712 (2000), quoting from United States v. Ventresca, 380 U.S. 102, 108 (1965), and "read as a whole, not parsed, severed, and subjected to hypercritical analysis." Donahue, supra, quoting from Commonwealth v. Blake, 413 Mass. 823, 827 (1992). Read as a whole, the affidavit presents sufficient indicia of the CI's reliability to satisfy the veracity prong.
The CI was known to the police, see Commonwealth v. Alfonso A., 438 Mass. 372, 375-376 (2003) (that informant was not "an untraceable, unknown source ... weighs in favor of reliability"), and had a reliable track record. That the CI previously provided reliable and accurate information to the police, including information that led to the arrest of an individual with an illegal loaded firearm and recovery of an illegal firearm, brings the present case within the holdings of such cases as Commonwealth v. Perez-Baez, 410 Mass. 43, 45-46 (1991) (reliability established through prior instances where informant's information led to arrests for possession of narcotics and seizure of the narcotics incident to those arrests), and Commonwealth v. Grady, 33 Mass. App. Ct. 917, 917 (1992) (previous occasions where informant provided information that led to seizure of drugs and unlawfully possessed firearm were indicators of informant's veracity).[4]
There is no requirement that an informant provide information resulting in a conviction as opposed to an arrest in order to be deemed reliable. See Commonwealth v. Valdez, 402 Mass. 65, 70-71 (1988) (providing information in the past as to the whereabouts of an individual wanted on an outstanding warrant was sufficient to satisfy the veracity prong). Though "[a]n arrest may turn out to be a dud, not resulting in a conviction, which would suggest that the underlying representation was awry," Commonwealth v. Shea, 28 Mass. App. Ct. 28, 31 (1989), a seizure of contraband "is an indicator that the informant's report was accurate." Grady, supra.[5] Here, the CI's prior cooperation, which (among other things) resulted in an arrest and recovery of an illegal firearm, sufficed to meet the veracity prong of the Aguilar-Spinelli test.
We acknowledge that the affidavit did not describe the previous cooperation between the CI and the police with the same level of detail as provided in Perez-Baez, supra at 45 n.2, and that such details can serve to strengthen the trustworthiness of an informant and ensure that the prior information was truthful. However, intricate details of prior occasions and names are not necessary to prove the CI's veracity, particularly where they risk disclosing the CI's identity. See Grady, supra at 918, quoting from Shea, supra (specificity about arrests and convictions "which would trench more or less on the informant's anonymity, is not demanded"). "There is no distinction of consequence between references to unidentified convictions or unidentified arrests and seizures." Grady, supra.
The averments within the four corners of the affidavit supplied in the warrant applications furnished probable cause to support the issuance of the search warrants. The orders allowing the defendants' motions to suppress are reversed, and the matter is remanded to the Boston Municipal Court.[6]
So ordered.
Reversed.

The defendants do not challenge the basis of knowledge prong of the Aguilar-Spinelli test, nor do they otherwise dispute the validity or scope of the search warrants themselves.

Other past occasions of cooperation with the police include the CI's purchase of illegal drugs that police ultimately recovered and field tested, and information supplied by the CI that resulted in the arrest of an individual wanted on an outstanding warrant.

We note that the parties do not appear to have brought either Grady or Shea to the attention of the motion judge.

The defendants also argue that the orders allowing the motions to suppress should be affirmed because the information the CI provided was stale by the time the search warrant issued. Though the motion judge did not address the question of staleness, after concluding that the CI did not satisfy the veracity prong, we discern no merit in the claim. The affidavit recites both that the CI had made his observations of an illegal firearm within the prior thirty days, and that the possession of the firearm was likely a product of gang activity. Accordingly, it bespeaks the sort of continuous conduct that has diminished concerns over staleness in other settings. See, e.g., Commonwealth v. Cruz, 430 Mass. 838, 843 (2000) ; Commonwealth v. DiStefano, 22 Mass. App. Ct. 535, 541 (1986). Moreover, the affiant explained the absence of precision in the stated time frame by reference to the same concern for preserving the confidentiality of the CI as we have discussed previously.