After a jury-waived trial in the Superior Court, the defendant was convicted of various drug and firearm charges.[2] The defendant's direct appeal was consolidated with his appeal from the order denying his motion for new trial. We discern no cause to disturb the judgments and affirm, addressing the defendant's claims in turn.
1. Ineffective assistance of counsel. We review the defendant's claim of ineffective assistance of counsel under the familiar two-prong Saferian test. See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).[3]
The trial transcript demonstrates that trial counsel stipulated to facts that the Commonwealth could, and did, prove at trial in support of a strategy to preserve for appeal the defendant's claim of error in the denial of his motion to suppress evidence.[4] Because the evidence seized in execution of the warrant to search the defendant's residence was outcome determinative, counsel's strategic decision to pursue an appeal of the suppression issue was not manifestly unreasonable. See Commonwealth v. Morales, 453 Mass. 40, 44 (2009). The evidence seized during the execution of the search warrant, as well as the testimony and other evidence offered by the Commonwealth, overwhelmingly established the defendant's guilt beyond a reasonable doubt.[5] In light of the overwhelming evidence of guilt based on the evidence, particularly including the evidence obtained by means of the warrant, and the fact that the procedure preserved the defendant's right to appeal the order denying the motion to suppress, see Commonwealth v. Ramsey, 466 Mass. 489, 496 n.8 (2013), counsel's stipulations did not deprive the defendant of an otherwise available, substantial ground of defense.
2. Motion to suppress. The defendant separately contends that the search warrant was not supported by probable cause. In particular, the defendant contends that the affidavit submitted in support of the application for the warrant, citing information provided by a confidential informant (CI), did not satisfy the veracity prong of the Aguilar-Spinelli test.[6]
After reviewing the supporting affidavit of Detective Joseph King and Special Agent Peter Kelley, we conclude that the affidavit, read as a whole, contained sufficient indicia of the CI's veracity. The CI had during the immediately preceding two months provided officers with information about a number of suspected gun and drug dealers. See Commonwealth v. Alfonso A., 438 Mass. 372, 375-376 (2003) (that informant was not "an untraceable, unknown source ... weighs in favor of reliability"). The CI also had a reliable track record with the officers. The affidavit details two controlled narcotics purchases conducted by the CI, at the direction of the officers, from individuals who had been identified by the CI as drug dealers and from which the police ultimately recovered and positively field-tested illegal narcotics.[7] ,[8] See Commonwealth v. Desper, 419 Mass. 163, 168-169 (1994) (information detailing controlled purchases of narcotics are adequate means to establish CI's reliability). Moreover, the CI's veracity was bolstered through independent police corroboration of the CI's disclosures regarding the defendant, confirming his physical description and name by reference to Registry of Motor Vehicles data, and confirming the defendant's residence through surveillance. Such corroboration by police of details given by the CI supports the conclusion that the CI was reliable in the particulars provided. See Commonwealth v. Carrasco, 405 Mass. 316, 321-322 (1989).
Judgments affirmed.
Order denying motion for new trial affirmed.

The defendant was convicted of one count of trafficking a class B substance (cocaine) of a net weight of eighteen grams or more, but less than thirty-six grams, see G. L. c. 94C, § 32E(b )(1) ; two counts of possession of a firearm without a firearm identification (FID) card, see G. L. c. 269, § 10(h ) ; one count of possession of ammunition without an FID card, subsequent offense, see G. L. c. 269, § 10(h )(1) ; one count of possession of a firearm in commission of a felony, see G. L. c. 265, § 18B ; one count of possession of a class B substance (Oxycontin) with intent to distribute, see G. L. c. 94C, § 32A(a ) ; and one count of possession of a class D substance (marijuana) with intent to distribute, see G. L. c. 94C, § 32C(a ).

First, we examine "whether there has been serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer." Saferian, 366 Mass. at 96. Second, we examine whether such behavior "likely deprived the defendant of an otherwise available, substantial ground of defence." Ibid.

We note that the defendant did not submit an affidavit from trial counsel in support of his motion for a new trial.

At trial, the Commonwealth produced testimony that during the execution of the search warrant of the defendant's residence, officers found two firearms, ammunition, eighteen individual plastic bags of marijuana, four plastic bags of cocaine, a number of pills later determined to be oxycodone, a digital scale, boxes of sandwich bags, acetone, $9,990 in cash, and a number of bills in the defendant's name. One of the officers also testified that based on "what was recovered at the search warrant location with the digital scale, the cutting agent, the packaging materials, and then also the statements that [the defendant] made to me, personally, that the money inside that location was received as payment for drugs sales, I would say yeah, that's what these drugs were intended for."

See Aguilar v. Texas, 378 U.S. 108 (1964), and Spinelli v. United States, 393 U.S. 410 (1969). Contrary to the defendant's assertion, the basis of knowledge prong of the Aguilar-Spinelli test is satisfied because the CI disclosed information based on personal observations of the defendant in possession of a firearm inside the target location. See Commonwealth v. Allen, 406 Mass. 575, 578 (1990). The defendant does not dispute the adequacy of the information furnished in the application to provide probable cause, if accepted as reliable, or the scope of the search warrant that issued.

While the descriptions of the two controlled narcotics purchases were imperfectly articulated, it is clear from the context of the affidavit that the statements that the CI had "no contraband" following the transaction in the first buy and was searched "with negative results" in the second buy, were merely typographical errors.

Although the affidavit did not describe with particularity the previous cooperation between the CI and the police, type of narcotics recovered, time frame of the purchases, or whether the CI provided information resulting in an arrest or conviction, such intricate details are not necessary to prove the CI's veracity, particularly where they risk disclosing the CI's identity. See Commonwealth v. Grady, 33 Mass. App. Ct. 917, 918 (1992) ("specificity ... which would trench more or less on the informant's anonymity, is not demanded").