NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-558

COMMONWEALTH

vs.

GERARD DIVENUTI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A grand jury returned indictments charging the defendant, Gerard Divenuti, with trafficking in methamphetamine of thirty-six grams or more, possession with intent to distribute a controlled substance, and offenses arising from the unlawful possession of a firearm and ammunition.  He moved to suppress evidence recovered pursuant to a search warrant, arguing that the search warrant affidavit failed to establish probable cause that the defendant was distributing drugs and failed to establish a connection between the defendant and the apartment that was searched.  A Superior Court judge denied the motion. The defendant filed a motion to reconsider, which the same judge also denied.  A jury found the defendant guilty of the charged

offenses.  On appeal, the defendant challenges the adequacy of the search warrant affidavit.  We affirm.

Background.  We summarize the information contained in the affidavit submitted in support of the search warrant.  The affiant, Joseph DiLiegro, is a State police trooper with extensive experience in controlled substance investigations.  On July 8, 2021, at approximately 6:15 A.M., Trooper DiLiegro, who was assigned to the violent fugitive apprehension section, and other law enforcement officers went to an apartment on Broadway Street in Everett looking for the defendant, who was wanted on three separate arrest warrants, including one for a narcotics offense.  Trooper DiLiegro and the other officers knew the defendant from an arrest the prior year.

When the trooper and the other officers arrived at the address, they rang the doorbell and knocked on the door.  The defendant opened the door after a few minutes.  When the defendant saw the police, he attempted to close the door and flee.  The police entered the apartment and arrested the defendant.  In plain view, Trooper DiLiegro observed a small digital scale on the kitchen table.  Trooper DiLiegro asked the defendant if anyone else was home.  The defendant stated that the homeowner was not home but that the homeowner's thirteen-year-old son was in a rear bedroom.

The police searched the defendant and found a "tied off clear plastic bag containing a white rock substance" and several other smaller plastic bags, which also contained a white rock substance in "different sized denominations" in his pocket. Trooper DiLiegro knew that street-level narcotics distributors "package their drugs in this fashion" and that the appearance of the white rock substance was "consistent with that of" crack cocaine.

Based on the information described above, Trooper DiLiegro obtained a search warrant, which was executed later that same day. During the search of the apartment, the police found items, including a black pistol, ammunition, and Fentanyl pills.

Discussion. The Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights "require a magistrate to determine that probable cause exists before issuing a search warrant." Commonwealth v. Byfield, 413 Mass. 426, 428 (1992). "Probable cause requires evidence that establishes a 'substantial basis,' to believe 'that the items sought are related to the criminal activity under investigation, and that they reasonably may be expected to be located in the place to be searched at the time the search warrant issues'" (citations omitted). Commonwealth v. Banville, 457 Mass. 530, 538 (2010). Our review of the sufficiency of the search warrant application "begins and ends with the 'four

3

corners of the affidavit'" (citation omitted).  Commonwealth v. O'Day, 440 Mass. 296, 297 (2003).  "Because this is a question of law, 'we review the motion judge's probable cause determination de novo.'"  Commonwealth v. Tapia, 463 Mass. 721, 725 (2012), quoting Commonwealth v. Long, 454 Mass. 542, 555 (2009).

We conclude that the information set forth in the four corners of the affidavit established probable cause to believe that additional drugs would be found in the apartment.  The defendant focuses on the observation of the digital scale and argues that the presence of the scale in the kitchen fails to establish probable cause.  This argument ignores the fact that police found in the defendant's pocket a large clear plastic bag holding several smaller plastic bags containing different "denominations" of a substance believed to be drugs.  The drugs were packaged in a manner consistent with drug distribution and established probable cause to believe that the defendant was involved in drug distribution.  Cf. Commonwealth v. Pratt, 407 Mass. 647, 652-53 (1990).

The defendant also contends that the affidavit failed to establish that he lived in the apartment, but the affidavit was not required to do so.  Rather, to establish probable cause to search, "[a]n affidavit must contain enough information for an issuing magistrate to determine that the items sought are

4

related to the criminal activity under investigation, and that they reasonably may be expected to be located in the place to be searched at the time the search warrant issues." Commonwealth v. Cinelli, 389 Mass 197, 213 (1983).

Here, the trooper found the defendant in the apartment at 6:15 A.M. with evidence of drug distribution on his person, from which the magistrate could reasonably infer that the defendant had spent the night at the apartment or at least was comfortable coming to the apartment at an hour not ordinarily associated with social visits. The fact that the defendant was alone in the apartment and entrusted with the homeowner's thirteen-year-old son demonstrated that the defendant had access to the apartment. In plain view, there was a digital scale of a type commonly used by drug dealers to weigh their product for packaging and sale of drugs. The fact that the scale may also have had an innocent use does not mean that the magistrate had to view it that way.

Taken together, these facts were adequate to establish probable cause that the defendant was engaged in drug distribution and to provide a nexus between the defendant's drug distribution and the apartment. "[T]he affidavit should be read as a whole, not parsed, severed, and subjected to hypercritical analysis." Commonwealth v. Blake, 413 Mass. 823, 827 (1992). Rather, we interpret search warrant affidavits "in a realistic

5

and commonsense manner." <u>Commonwealth</u> v. <u>Anthony</u>, 451 Mass. 59, 69 (2008). We give considerable deference to the magistrate's determination of probable cause, see <u>Commonwealth</u> v. <u>Upton</u>, 394 Mass. 363, 377 (1985), and even the "resolution of doubtful or marginal cases . . . should be largely determined by the preference to be accorded to warrants," (citations omitted), <u>Anthony</u>, <u>supra</u>, quoting <u>Commonwealth</u> v. <u>Germain</u>, 396 Mass. 413, 418 (1985).

<u>Judgments affirmed</u>.

By the Court (Blake, C.J., Vuono, Meade, Hershfang & Tan, JJ.[1]),

Clerk

Entered: February 25, 2025.

---

[1] The panelists are listed in order of seniority.